**MANDATE**

10-3611-cr
United States v. Green

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of December, two thousand eleven.

PRESENT:   GUIDO CALABRESI,
           REENA RAGGI,
           RAYMOND J. LOHIER, JR.,
                   *Circuit Judges*.

------------------------------------------------------------------------
UNITED STATES OF AMERICA,
            *Appellee*,

            v.                                              No. 10-3611-cr

JOE D. GREEN,
            *Defendant-Appellant*.
------------------------------------------------------------------------

APPEARING FOR APPELLANT:    ANDREW ST. LAURENT, Harris, Cutler & Houghteling LLP, New York, New York.

APPEARING FOR APPELLEE:     DANIEL D. BROWNELL (Emily Berger, *on the brief*), Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

1

Appeal from the United States District Court for the Eastern District of New York (John Gleeson, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 3, 2010, is AFFIRMED.

Joe D. Green, who stands convicted after a guilty plea to bank fraud conspiracy, see 18 U.S.C. §§ 1344, 1349, appeals his 120-month prison sentence as procedurally and substantively unreasonable. Our reasonableness review proceeds under a "'deferential abuse-of-discretion standard.'" United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)). In applying such review here, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.  Procedural Error

Green submits that his sentence is infected by procedural error because the district court failed to accord him three-points consideration for acceptance of responsibility in calculating his Sentencing Guidelines range. See U.S.S.G. § 3E1.1; United States v. Tutty, 612 F.3d 128, 131 (2d Cir. 2010) (noting that mistake in Guidelines calculation is procedural error that may require remand for resentencing). Green further contends that the prosecution breached its obligation under the plea agreement to move for a one-level downward adjustment for timely acceptance of responsibility pursuant to § 3E1.1(b).[1] Because Green

---

[1] Green does not seek to withdraw his guilty plea based on this purported breach; rather, he seeks only resentencing.

failed to object to the purported breach in the district court, we review that claim only for plain error. See Puckett v. United States, 556 U.S. 129, 129 S.Ct. 1423, 1428 (2009); United States v. MacPherson, 590 F.3d 215, 218–19 (2d Cir. 2009). Green cannot demonstrate plain error because a § 3E1.1(b) application can be granted only if a defendant otherwise qualifies for acceptance consideration under § 3E1.1(a), and we identify no error in the district court's determination that he did not. See U.S.S.G. § 3E1.1(b).

To secure a two-level reduction under § 3E1.1(a), the defendant must "clearly demonstrate[] acceptance of responsibility for his offense." Green conceded below that the enhancement for obstruction of justice under U.S.S.G. § 3C1.1 applied, and conduct meriting such an enhancement "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." A different conclusion is warranted only in "extraordinary" cases, and the district court found that this case was not in any way extraordinary. See U.S.S.G. § 3E1.1, cmt. 4. We accord this factual determination "great deference" on appeal because the sentencing judge is in a "unique position to evaluate a defendant's acceptance of responsibility," id. cmt. 5, and we will not disturb the finding "unless it is without foundation," United States v. Williams, 389 F.3d 402, 406 (2d Cir. 2004) (internal quotation marks omitted).

That is not this case. The district court's determination rested on the strong foundation that Green had falsely implicated a "blameless person" in the crime with the specific intent to obstruct justice, thereby causing the expenditure of unnecessary time and investigative resources. Sentencing Tr. at 7–8. Far from admitting the obstruction, see

3

United States v. Enriquez, 42 F.3d 769, 773 (2d Cir. 1994), in his sentencing statement to the court, Green attempted to mitigate his own culpability for the crime of conviction by insinuating the other person's knowledge of the scheme. This record supports the district court's decision to deny § 3E1.1(a) consideration because it did not think Green had held himself "accountable at all." Sentencing Tr. at 17. Further, it refutes Green's claim that his case is extraordinary because his obstructive conduct concluded three years prior to his May 2010 guilty plea and he accepted responsibility thereafter.

      Similarly meritless is Green's complaint that the district court denied him § 3E1.1(a) consideration based on factual challenges he raised to the Presentence Investigation Report, which were at odds with his own admissions in proffer statements to the government. "[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." U.S.S.G. § 3E1.1, cmt. 1. Green's contention that his objections did not go to "relevant conduct" is belied by the broad definition of that term in § 1B1.3. Similarly meritless is Green's contention that he should not be faulted for his objections because he withdrew most of them at the sentencing hearing. As the district court found, however, he did so not because he was accepting responsibility for his misconduct, but rather because he was confronted with the reality of his own contradictory statements. Thus, the district court acted well within its discretion in finding Green "breathtaking in [his] continued fraudulent behavior." Sentencing Tr. at 17. As the district court admonished Green, "the last thing you are doing is holding yourself accountable. You have basically disputed a good part of the

4

scheme here, only to find out that, oops, you yourself said otherwise." Id. at 17–18. To the extent Green's conduct might be deemed "extraordinary," it is not in the positive sense required to support the application of both acceptance consideration and an obstruction enhancement.

In sum, because we identify no error in the district court's denial of § 3E1.1(a) consideration, the failure by the government to move for further consideration pursuant to § 3E1.1(b) was necessarily harmless. See Puckett v. United States, 129 S. Ct. at 1433 n.4 (noting that breach of plea agreement must have affected sentence to constitute plain error).

2.  Variance Above Guidelines Range

Green contends that the district court's 120-month sentence, a variance from his Guidelines range of 87 to 108 months, is unreasonable. The point merits little discussion.

The district court adequately explained its reasons for imposing its sentence under 18 U.S.C. § 3553(a), and Green points to nothing in the record indicating otherwise. See United States v. Payne, 591 F.3d 46, 71 (2d Cir. 2010). Thus, we identify no procedural error in the court's variance decision. Nor can we conclude that the sentence is substantively unreasonable. The modest increase above the high end of Green's Guidelines range does not yield a prison term so "shockingly high" as to fall outside the range of permissible sentences for the crime of conviction. United States v. Dorvee, 616 F.3d 174, 183 (2d Cir. 2010); see United States v. Cavera, 550 F.3d at 189.

5

For the foregoing reasons, the judgment of conviction is AFFIRMED.

                                              FOR THE COURT:
                                              CATHERINE O'HAGAN WOLFE, Clerk of Court



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

6